UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CASEE STONE, RAY LOVE, WILLIE LOVE, TODD MADDOX, ALLEN LAWSON, CASEY JONES, GARY JONES, ELBERTA JACKSON, STEVEN FULLER, JOSHUA MOORE, TONEY CAMPBELL, ANDER BASS, KRISTEN MILES, ALEXANDER LOPEZ, HORTON AMBER, TINA HAMILTON, OCTOBER FETZ, JAMES BURKHART, RENEE BODKINS, KEVIN WEBB, CHARLES WHITE, KYLE SMITH, GREG ROBINSON, JOE RILEY, and GARRET ADAMSON, <br><br> Plaintiffs, <br><br> v. <br><br> REGGIE NEVELS, MAYER, CITY OF MARION, KEN FAULK, and CLU SCREENING <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br> CAUSE NO.: 1:19-CV-126-TLS-SLC |

**ORDER**

Casee Stone, a prisoner without a lawyer, filed a Complaint [ECF No. 1] and a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2]. Stone presents several issues with both his Complaint and Motion for Leave to Proceed in Forma Pauperis.

Regarding his Complaint, Stone included a page with 24 other names on which he wrote "plaintiff." Stone, however, was the only person who signed the Complaint. A pro se litigant can represent his own interests, but not those of others. *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Stone is not an attorney and he cannot represent these 24 other persons. *See Elustra v. Mineo*, 595 F.3d 699, 706 (7th Cir. 2010) (noting that the "point of the rule forbidding

a next friend to litigate *pro se* on behalf of another person is to protect the rights of the represented party."). The Seventh Circuit recommends strict adherence to this rule. *Flannery v. Jepsen*, 2018 WL 2220284 at * 3 (N.D. Ind. May 14, 2018) (citing *Beauchamp v. Sullivan*, 31 F.3d 789, 790 (7th Cir. 1994). Further, in contravention of Federal Rule of Civil Procedure 11(a), none of the other named Plaintiffs signed the Complaint. This rule requires that a party sign every pleading, written motion, and other paper "personally" if the party is unrepresented. *Id*. Therefore, these persons must be dismissed from the case. The Court cannot send a copy of this order to these individuals because Stone did not provide addresses. If Stone knows how to contact them, he may notify them that they can file separate lawsuits to bring their own claims.

There are also issues with the Complaint itself. First, Stone describes various conditions in the Grant County Jail but does not explain what has happened to him, nor when. A complaint must describe the claim in sufficient detail to give the defendants "fair notice of what the … claim is and the grounds upon which it rests," which this Complaint fails to provide. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Second, he names four Defendants in the caption of the Complaint but does not say what any of them did to violate his federal constitutional rights. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, this Complaint does not state a claim. Nevertheless, the Plaintiff may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In it, he must explain what he is personally experiencing and why each defendant is individually liable.

In addition, Stone filed a Motion to Proceed in Forma Pauperis. Stone, a prisoner, failed to provide a copy of his inmate trust fund ledger for the past six months as required by 28 U.S.C. § 1915(a)(2). Therefore, the Motion will be denied with leave to re-file.

For these reasons, the Court:

(1) DISMISSES Ray Love, Willie Love, Todd Maddox, Allen Lawson, Casey Jones, Gary Jones, Elberta Jackson, Steven Fuller, Joshua Moore, Toney Campbell, Ander Bass, Kristen Miles, Alexander Lopez, Horton Amber, Tina Hamilton, October Fetz, James Burkhart, Renee Bodkins, Kevin Webb, Charles White, Kyle Smith, Greg Robinson, Joe Riley, and Garrett Adamson;

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) form and a blank AO 240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis form and send them to Casee Stone;

(2) GRANTS Casee Stone until **April 30, 2019**, to file a complaint on that form and resolve his filing fee status; and

(3) CAUTIONS Casee Stone if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on April 2, 2019.

    s/ Theresa L. Springmann
    CHIEF JUDGE THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT